|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

TODD R.G. HILL, et al.,

    Plaintiffs,

v.

THE BOARD OF DIRECTORS, OFFICERS, AND AGENTS AND INDIVIDUALS OF PEOPLES COLLEGE OF LAW, et al.,

    Defendants.

No. 2:23-cv-01298-JLS-BFM

**ORDER ACCEPTING MAGISTRATE JUDGE'S INTERIM REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, the records and files herein, the Magistrate Judge's Interim Report and Recommendation, and Plaintiff Todd R.G. Hill's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Interim Report and Recommendation to which objections have been made.

The Court accepts the recommendations of the Magistrate Judge with one exception. The State Bar Defendant argues that its departments and committees should be dismissed with prejudice because those entities lack capacity to be sued. (ECF 137 at 5.) Under California law, it is the State Bar itself, and not entities under its control, that may sue and be sued. Cal. Bus. &

Prof. Code § 6001. The Defendants at issue—the Office of Chief Trial Counsel, Board of Trustees, Office of Admissions, and Office of General Counsel—are not named in any Cause of Action and are dismissed with prejudice.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. Plaintiff's Request for Judicial Notice (ECF 102) is **granted**, but only as to the existence of the attached State Bar exhibits, and not as to the validity or accuracy of the contents of these exhibits.

3. Plaintiff's Second Request for Judicial Notice (ECF 106) is **denied**.

4. The moving Defendants' Motions to Dismiss the Second Amended Complaint (ECF 58, 78, 88, 89, 92, 110, 122) are **granted in part**, as follows:

(a) the Second Amended Complaint is dismissed in its entirety for Plaintiff's failure to comply with Rule 8;

(b) all of Plaintiff's claims against the State Bar and its committees or departments (except for Plaintiff's Twelfth and Thirteenth Causes of Action based only on Title IX), because these Defendants have Eleventh Amendment immunity, are dismissed **with prejudice**;

(c) all of Plaintiff's claims against the individual State Bar Defendants in their official capacity (except Plaintiff's Twelfth, and Thirteenth Causes of Action based only on Title IX and his Sixth and Seventh Causes of Action to the extent those claims may seek declaratory or injunctive relief), are dismissed **with prejudice** because these Defendants have Eleventh Amendment immunity;

(d) the Sixth Cause of Action is dismissed **with prejudice** to the extent it seeks Federal Bar admission, as such relief is beyond this Court's jurisdiction;

    (e) Plaintiff's Fourteenth, Fifteenth, and Sixteenth Causes of Action under 18 U.S.C. §§ 241, 242, and 245, are dismissed **with prejudice** because there is no private right of action under those statutes; and

    (f) Defendants Office of Chief Trial Counsel, Board of Trustees, Office of Admissions, and Office of General Counsel are dismissed with prejudice.

  5. The moving Defendants' Motions to Dismiss are otherwise **denied without prejudice**, including Defendant Gonzalez' Motion to Dismiss for insufficient service of process; Defendant Spiro's request for sanctions; and the individual State Bar Defendants Motion to dismiss based on quasi-judicial or qualified immunity.

  6. Plaintiff's Motion to Dismiss (ECF 89) is **dismissed as moot**.

  7. **Not later than thirty days from the date of this Order**, Plaintiff shall file a Third Amended Complaint remedying the deficiencies detailed herein. To be clear, any claim that has been dismissed with prejudice may *not* be reasserted in the Third Amended Complaint.

  8. The Court Clerk shall serve this Order on all counsel or parties of record.

DATED: August 5, 2024

                _____
                HONORABLE JOSEPHINE L. STATON
                UNITED STATES DISTRICT JUDGE