FILED

CLERK, U.S. DISTRICT COURT

August 25, 2025

CENTRAL DISTRICT OF CALIFORNIA

BY _____ch_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Todd R. G. Hill
119 Vine Street
Belton, TX 76513
+1 [661] 899-8899
toddryangregoryhill@gmail.com
*In Propria Persona*

# UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **TODD R. G. HILL, et al,** | CIVIL ACTION NO. 2:23-cv-01298-JLS-BFM |
| **Plaintiffs** | **The Hon. Josephine L. Staton**<br>Courtroom 8A, 8th Floor |
| **vs.** | **Magistrate Judge Brianna Fuller Mircheff**<br>Courtroom 780, 7th Floor |
| **THE BOARD OF DIRECTORS, OFFICERS AND AGENTS AND INDIVIDUALS OF THE PEOPLES COLLEGE OF LAW, et al.,** | **PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD** |
| **Defendants.** | **NO ORAL ARGUMENT REQUESTED** |

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................. 6

II.     PROCEDURAL HISTORY ................................................................... 7

III.    LEGAL STANDARDS ......................................................................... 9

IV.     ARGUMENT & APPLICATION OF LEGAL STANDARDS ............... 12

A.      The judgment reflects a recurring pattern of generalized rulings that left dispositive issues unresolved and now requires correction under Rule 59(e). ................................. 12

B.      The Court did not engage Plaintiff's preserved objections, and reliance on the Magistrate's recommendation cannot substitute for de novo review. ........................................... 12

C.      The blanket denial of Plaintiff's requests for judicial notice created a dispositive record gap that cannot be excused as harmless. .................................................... 12

D.      The Court dismissed Plaintiff's RICO claim with prejudice by resolving scienter and plausibility against him, disregarding controlling precedents requiring liberal construction and crediting of well-pled fraud allegations. ................................................. 13

E.      The Court prematurely dismissed Plaintiff's Equal Protection claim and failed to reevaluate it in light of controlling Supreme Court authority. ......................................... 14

F.      The cumulative effect of these omissions constitutes structural prejudice that Rule 59(e) exists to correct. ................................................................................. 15

V.      PREJUDICE TO THE PLAINTIFF CUMULATIVE EFFECT OF THE COURT'S OMISSIONS DEPRIVED PLAINTIFF OF INDIVIDUALIZED RULINGS, FORECLOSED CONSTITUTIONAL AND STATUTORY CLAIMS, AND LEFT A JUDGMENT THAT CANNOT WITHSTAND MEANINGFUL APPELLATE REVIEW. ................................... 15

A.      The judgment must be altered or amended under Rule 59(e) because it was entered on an incomplete record, failed to address preserved objections, departed from Rule 12 standards by dismissing with prejudice and denying leave to amend without findings, and advanced dispositive rulings while Plaintiff's evidentiary motions remained unresolved. ..................... 16

        1.      Judgment Entered on an Incomplete Record ................................... 16

        2.      Failure to Address Preserved Objections Under § 636(b)(1) ................ 16

        3.      Failure to Apply Rule 12 Standards Before Dismissing with Prejudice ...... 17

        4.      Denial of Leave to Amend Without Analysis of Document Submitted ........ 18

        5.      Procedural Asymmetry and Selective Engagement .......................... 19

B.      The judgment is constitutionally incomplete because the Court acknowledged a racial component yet ignored Plaintiff's preserved Equal Protection claim under Students for Fair Admissions and foreclosed prospective relief authorized by Ex parte Young. ................... 19

        1.      Equal Protection Claim Ignored Despite SFFA .............................. 19

        2.      Equal Protection Claim Ignored Ex parte Young ............................ 19

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 2 –

3.   Mischaracterization of Fraud-Based Claims as Contractual Disputes .................................. 20

4.   Contradictory Treatment of State-Law Claims ............................................................... 21

5.   Cumulative Effect is Deprivation of Individualized Rulings, Constitutional and Statutory Claim Foreclosure and Impedance of Appellate Review ...................................................... 21

6.   Plaintiff's Preservation Notices Made the Asymmetry Clear .............................................. 21

7.   The Asymmetry Is Structural, Not Harmless ................................................................. 22

VI.   THE COURT IGNORED PRESERVED EVIDENCE OF DEFENSE EVASION AND CONDUCT, REINFORCING SELECTIVE ENFORCEMENT AND UNDERMINING PROCEDURAL FAIRNESS. ..................................................................................... 22

VII.   ADDITIONAL GROUNDS FOR RELIEF INCLUDE CONTRADICTORY 'HYBRID' DISPOSITION THAT DISMISSED STATE-LAW CLAIMS BOTH WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND, PRODUCING AN INCOHERENT RULING THAT PREVENTS MEANINGFUL APPELLATE REVIEW. ........................... 24

A.   The judgment reflects a contradictory 'hybrid' disposition that dismissed state-law claims both without prejudice and without leave to amend, producing an incoherent ruling that prevents meaningful appellate review. ....................................................................... 24

B.   The judgment compromised Plaintiff's appellate rights by resolving dispositive issues while leaving critical evidentiary motions unresolved, thereby depriving the record of the foundation required for meaningful review. ........................................................... 24

C.   The Court erred by labeling Plaintiff's pending motions as 'moot' when their resolution was necessary to determine whether dismissal was proper, creating circular reasoning that compounded prejudice. .................................................................................. 25

D.   The judgment failed to apply Ninth Circuit standards requiring liberal construction of civil RICO claims, dismissing them as implausible without analyzing the distinct elements pleaded and supplemented in the proposed Fifth Amended Complaint. ..................................... 25

E.   The judgment adopted the Magistrate's recommendation wholesale without addressing acknowledged contradictions in the record, including recognition of a racial component and sworn admissions by Defendant Spiro, leaving de novo review incomplete. ....................... 25

F.   The cumulative handling of this case—including unresolved evidentiary motions, contradictory rulings, selective enforcement of rules, and symbolic concessions—undermines not only fairness but the appearance of fairness, which the Ninth Circuit has recognized as a substantial right. ....................................................................................... 26

VIII.   THE COURT'S ANTICIPATED JUSTIFICATIONS DO NOT WITHSTAND REVIEW BECAUSE HARMLESS ERROR, FUTILITY, DISCRETION, AND LAW OF THE CASE CANNOT CURE STRUCTURAL PREJUDICE OR THE OMISSION OF REQUIRED FINDINGS. ................................................................................................ 26

A.   "Harmless Error" Cannot Excuse Structural Prejudice ...................................................... 27

B.   "Futility" Cannot Justify Denial of Leave to Amend Without Findings ................................. 27

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

C. "Judicial Discretion" in Docket Management Has Limits ........................................ 28

D. "Law of the Case" Cannot Justify Avoidance of the Equal Protection Claim ........................ 28

E. Jurisdictional Declination Does Not Moot the Failure to Grant Leave to Amend State-Law Claims ........................................ 29

IX. THE COURT DEPARTED FROM RULE 12(B)(6) STANDARDS BY RESOLVING FACTUAL DISPUTES AGAINST PLAINTIFF, DISREGARDING DOCUMENTARY-SUPPORTED ALLEGATIONS, COLLAPSING DISTINCT CLAIMS, AND IMPOSING HEIGHTENED PLEADING BURDENS ON A PRO SE LITIGANT .................... 31

A. The Court Resolved Factual Disputes Against Plaintiff at the Pleading Stage ........................ 31

B. The Court Treated Documentary Allegations as Conclusory ........................ 32

C. The Court Improperly Collapsed Distinct Claims ........................ 32

D. The Court Overlooked the Presumption of Truth Owed to Pro Se Litigants ........................ 33

E. Cumulative Irregularities ........................ 30

X. CONCLUSION ........................ 33

**STATEMENT OF COMPLIANCE WITH LOCAL RULE 11-6.1** ........................ 34

**Plaintiff's Proof of Service** ........................ 34

## Cases

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) ........................ 11

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........................ 13

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ........................ 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................ 13

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 649–50 (2008) ........................ 13

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ........................ 29

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ........................ 31

*Ex parte Young*, 209 U.S. 123 (1908) ........................ 14

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ........................ 13

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) ........................ 32

*Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1122–23 (9th Cir. 2008) ........................ 32

*Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ........................ 27

*Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ........................ 17

*McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) ........................ 9, 10

*Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) ........................ 14

*Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) ........................ 13, 24

*School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ........................ 10, 26

*Students for Fair Admissions, Inc. v. Harvard College*, 600 U.S. 181 (2023) ........................ 28

*United States v. Remsing*, 874 F.2d 614, 616 ........................ 6, 12

*United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989) ........................ 12

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM

– 4 –

*United States v. Thoms*, 684 F.3d 893, 899 (9th Cir. 2012)....................................................... 9, 11, 22

**Statutes**
18 U.S.C. § 1964(c) ....................................................................................................... 27
28 U.S.C. § 1332 ........................................................................................................... 20
28 U.S.C. § 1367(c) ....................................................................................................... 29
28 U.S.C. § 636(b)(1).................................................................................................... 12

**Rules**
Local Rule 7-3 ............................................................................................................... 22
Rule 12(b)(6)................................................................................................................. 13
Rule 201 ........................................................................................................................ 12
Rule 59(e) ...................................................................................................................... 12

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON
STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 5 –

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

TO THE COURT AND ALL PARTIES OF RECORD:

Plaintiff hereby moves, pursuant to Rule 59(e), to alter or amend the Court's August 20, 2025 Order and Judgment (ECF 358, 359) to correct errors and ensure a record capable of meaningful appellate review.

## I.    INTRODUCTION

Pursuant to Rule 59(e), Plaintiff moves to alter or amend the Court's August 20, 2025 Order and Judgment (ECF 358, 359) because the judgment rests on an incomplete record and generalized rulings that impede appellate review. The Order denies all requests for judicial notice in a single line (ECF 276, 290, 301, 329), denies leave to amend without futility findings despite a lodged Fifth Amended Complaint (ECF 313/330)[1], and accepts the R&R with minimal modification while omitting individualized analysis of objections preserved at ECF 351. Ninth Circuit precedent requires resolution of preserved objections and individualized treatment of proffered public records to enable review. See *Khoja*; *Remsing*. Rule 59(e) permits the Court to supply that analysis now, conserving resources and ensuring any judgment rests on a complete, reviewable record.

---

[1] The dismissal order refers to Plaintiff's motion to amend (ECF 310, 330) but does not reference the corrected Fifth Amended Complaint lodged at ECF 313. Plaintiff initially submitted ECF 310, then re-lodged the corrected complaint at ECF 313, which corresponds to the Rule 15 amendment request at ECF 330. If the Court evaluated only ECF 310 and not ECF 313, the record reflects a clerical misalignment that left the operative proposed pleading unaddressed in the leave-to-amend analysis.

PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD

CASE 2:23-CV-01298-JLS-BFM

– 6 –

Plaintiff's timely preservation notices (Dkts. 286, 306, 350, 351, 342, 346, and 357) repeatedly identified the unresolved RJNs, objections, and amendment issues, ensuring the record reflects that these omissions were not waived but preserved for appellate review and made clear that the sequencing caused concrete prejudice.

Relief is warranted to prevent manifest injustice and correct clear legal error. The Ninth Circuit has repeatedly held that appellate courts cannot perform their review function where district courts adopt recommendations wholesale or issue blanket denials of evidentiary motions.

Addressing these omissions now will prevent remand, conserve judicial resources, and ensure the judgment rests on a reviewable record.

## II.     PROCEDURAL HISTORY

To streamline the record and avoid repetition, Plaintiff sets forth below a condensed procedural history highlighting the filings most relevant to this Rule 59(e) motion. This table demonstrates the sequence of dispositive rulings advancing while evidentiary motions and objections remained unresolved, creating the structural prejudice now before the Court.

| Date | Docket No. | Filing / Event | Status / Outcome |
|---|---|---|---|
| Feb. 20, 2023 | — | Plaintiff initiated this action | Case commenced |
| Sept. 6, 2024 | 174 | Third Amended Complaint (TAC) filed | Operative pleading at the time |
| Nov. 22, 2024 | 197 | Plaintiff's RJN (State Bar reports on PCL accreditation/oversight) | Remained pending > 7 months, granted "insofar as it informed future amendment" |

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON
STRUCTURAL ERRORS AND INCOMPLETE RECORD**

| Date | Docket No. | Filing / Event | Status / Outcome |
|---|---|---|---|
| Feb. 2025 | 199 | Plaintiff's RJN (CPRA responses) | Remained pending > 7 months |
| May 2025 | 329 | Plaintiff's RJN (additional CPRA disclosures, sworn Spiro statements) | Remained pending; Denied in Docket 358 |
| June 2025 | 332 | Plaintiff's RJN (further CPRA responses and admissions) | Remained pending; Denied in Docket 358 |
| Early 2025 | 263, 270 | Defendants' Motions to Dismiss TAC | Granted in part; some claims dismissed with prejudice; leave to amend granted for RICO, civil rights, negligence |
| Spring 2025 | — | Fourth Amended Complaint filed | — |
| May 22, 2025 | 313 | Proposed Corrected Fifth Amended Complaint (5AC) lodged; detailed predicate acts (mailings, transcripts, CPRA disclosures) | No analysis in R&R or dismissal order. Order references Docket 310 and Docket 330. Docket 313 was the 5AC submitted under Rule 15. |
| July 12, 2025 | 348 | Magistrate Judge's R&R recommending dismissal with prejudice; acknowledged "racial component" | Did not address pending RJNs |
| July 17, 2025 | 350 | Plaintiff's Notice of Procedural Irregularities (dispositive rulings proceeding while evidentiary motions unresolved) | Preserved issue |
| July 23, 2025 | 351 | Plaintiff's Objections to R&R; preserved RJNs, Equal Protection (SFFA), and de novo review under § 636(b)(1) | Preserved issue |

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM

– 8 –

| Date | Docket No. | Filing / Event | Status / Outcome |
|---|---|---|---|
| Aug. 17, 2025 | 357 | Plaintiff's Notice of Unresolved Motions and Preservation of Objection | Again flagged incomplete record |
| Aug. 20, 2025 | 358 | Court's Dismissal Order adopting R&R | Dismissed federal claims w/ prejudice; state-law claims "w/o prejudice" but "w/o leave to amend"; denied all RJNs in one sentence; denied leave to amend (5AC) w/o explanation; granted sur-reply (Dkt. 323) |
| Aug. 20, 2025 | 359 | Judgment entered | Final judgment |
| Aug. 23, 2025 | — | Plaintiff's Rule 59(e) Motion filed (this motion) | Timely |

As the table reflects, dispositive outcomes were reached while foundational evidentiary motions, objections, and a fully lodged amended complaint remained unaddressed.

### III.    LEGAL STANDARDS

Under Rule 59(e), amendment of a judgment is warranted where clear legal error, manifest injustice, or structural irregularities undermine the correctness of the judgment. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). The Ninth Circuit has further held that the cumulative effect of procedural missteps, particularly when repeatedly preserved by a litigant, may render a judgment unsustainable. *United States v. Thoms*, 684 F.3d 893, 899 (9th Cir. 2012).

The Ninth Circuit has repeatedly recognized that "the appearance of fairness is itself a substantial right." *United States v. Thoms*, 684 F.3d 893, 899 (9th Cir. 2012). This obligation extends beyond

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 9 –

resolving the parties' motions; it requires the Court to acknowledge and address whether its own process appears even-handed.

Courts also recognize that Rule 59(e) operates within the broader framework of procedural fairness, which requires liberal construction of pleadings filed by pro se litigants and careful adherence to amendment standards. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (leave to amend should be granted unless futility is clear). When a district court dismisses claims with prejudice without making findings of futility, or forecloses amendment despite a timely curative complaint, it commits clear error within the meaning of Rule 59(e). In addition, the Ninth Circuit has held that district courts must revisit prior rulings where intervening Supreme Court authority alters the governing framework. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Thus, when preserved objections implicate constitutional claims, unresolved evidentiary motions, or controlling precedent such as *Students for Fair Admissions v. Harvard College*, 600 U.S. 181 (2023), the district court cannot avoid individualized analysis. Rule 59(e) provides the mechanism for correction, ensuring both the application of correct law and the preservation of appellate review.

Rule 59(e) permits a court to "alter or amend a judgment" within 28 days of entry. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that relief under Rule 59(e) is appropriate in four limited circumstances: (1) to correct clear error of law; (2) to prevent manifest injustice; (3) to consider newly discovered or previously unavailable evidence; or (4) to account for an intervening change in controlling law. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). The rule does not allow a party to relitigate matters already decided, but it does require courts to correct judgments that rest on demonstrable legal or factual error.

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

Courts recognize that "[t]he need to preserve the integrity of the judicial process outweighs the interest in finality when a judgment rests on a fundamentally flawed record." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Where a court has misapplied the governing law, overlooked material facts, or entered judgment on an incomplete record, amendment of the judgment is warranted.

Rule 59(e) focuses on the correctness and integrity of the judgment itself. See *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A district court has "considerable discretion" in resolving Rule 59(e) motions, but that discretion is bounded by the requirement that legal standards be correctly applied and that proceedings be free of manifest injustice.

In evaluating whether amendment is required, courts consider not only the existence of individual errors but also their cumulative effect on the fairness and integrity of the proceedings. *United States v. Thoms*, 684 F.3d 893, 899 (9th Cir. 2012). Where a litigant has repeatedly preserved objections to procedural irregularities and the judgment nevertheless rests on an incomplete or contradictory record, Rule 59(e) relief is necessary to ensure both the reality and the appearance of fairness.

The Ninth Circuit has repeatedly emphasized that appellate courts cannot discharge their review function where district court orders lack individualized findings or fail to address preserved objections. See *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000–01 (9th Cir. 2018); *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989). A generalized statement that judicial notice is "denied" or that objections have been "considered" does not provide the analytical foundation necessary for review

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM

– 11 –

## IV.    ARGUMENT & APPLICATION OF LEGAL STANDARDS

### A.  The judgment reflects a recurring pattern of generalized rulings that left dispositive issues unresolved and now requires correction under Rule 59(e).

This motion argues that the judgment entered at Dkt. 358 rests on an incomplete record and a consistent approach of resolving dispositive matters through shorthand orders, e.g., "denied" for evidentiary motions, "adopted" for the Report and Recommendation (R&R) while preserved objections and curative pleadings were ignored. Such an approach deprives the parties and the appellate court of the individualized findings required by law and creates structural prejudice that Rule 59(e) is designed to remedy.

### B.  The Court did not engage Plaintiff's preserved objections, and reliance on the Magistrate's recommendation cannot substitute for de novo review.

De novo review under 28 U.S.C. § 636(b)(1) requires independent judicial consideration of each preserved objection. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989). Plaintiff's Objections (ECF 351) specifically challenged the R&R's omissions (RJN handling, dispositive-before-evidentiary sequencing, SFFA/Equal Protection). A statement that the objections were 'considered' does not discharge § 636(b)(1)'s duty to make an independent determination of objected portions. Remsing. Rule 59(e) allows the Court to supply that analysis now.

### C.  The blanket denial of Plaintiff's requests for judicial notice created a dispositive record gap that cannot be excused as harmless.

The Order denies all pending RJNs for both sides in a single sentence (ECF 276, 290, 301, 329) without distinguishing public agency records, CPRA responses, or party admissions, materials commonly subject to Rule 201 notice. *Khoja* requires individualized rulings that separate noticeable

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 12 –

facts from disputed inferences; a blanket denial at the Rule 12 stage is reversible where, as here, the materials go directly to plausibility and scienter. Rule 59(e) relief is warranted so the Court can make those determinations exhibit-by-exhibit.

### D. The Court dismissed Plaintiff's RICO claim with prejudice by resolving scienter and plausibility against him, disregarding controlling precedents requiring liberal construction and crediting of well-pled fraud allegations.

The dismissal of Plaintiff's RICO claim with prejudice (ECF 358) departed from established pleading standards and overlooked controlling precedent. Plaintiff alleged specific predicate acts of mail fraud, including falsified transcripts, concealed CPRA responses, and misrepresentations to regulators. These allegations were further detailed in the proposed Fifth Amended Complaint (ECF 313), which identified specific mailings and financial injury.

Rather than credit these allegations at the Rule 12(b)(6) stage, the Court characterized them as contract disputes or negligence and resolved scienter against Plaintiff. That approach is contrary to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which require all well-pled facts to be taken as true and construed in Plaintiff's favor.

The Ninth Circuit has emphasized that RICO is to be "liberally construed to effectuate its remedial purposes." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc). Predicate acts of mail fraud need not be pled with proof of reliance; it is sufficient that misrepresentations were made "to obtain money or property" and caused injury. *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 649–50 (2008). Plaintiff's allegations satisfied this standard, but were dismissed without analysis.

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 13 –

Finally, dismissal with prejudice absent a finding of futility contravenes *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 59(e) relief is necessary to permit filing of the 5AC or, at minimum, to supply the futility findings required for appellate review..

### E. The Court prematurely dismissed Plaintiff's Equal Protection claim and failed to reevaluate it in light of controlling Supreme Court authority.

Plaintiff's Equal Protection claim was dismissed with prejudice at the TAC stage (Dkt. 248), notwithstanding the Magistrate's subsequent acknowledgment of a "racial component." When *Students for Fair Admissions v. Harvard College*, 600 U.S. 181 (2023), made clear that any reliance on race by state actors requires strict scrutiny, Plaintiff preserved objections (Dkt. 351) seeking reconsideration. The dismissal order (Dkt. 358), however, adopted the R&R wholesale without addressing this constitutional issue. Under *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), intervening Supreme Court authority requires re-evaluation. The omission deprived Plaintiff of adjudication of a preserved constitutional claim and renders the judgment constitutionally incomplete.

The dismissal of Plaintiff's Equal Protection and civil rights claims is particularly problematic because it ignored the well-established doctrine of *Ex parte Young*, 209 U.S. 123 (1908), which permits suits for prospective relief against state officials alleged to be violating federal constitutional rights. By treating the Equal Protection claim as conclusively barred at the TAC stage, the Court foreclosed relief that *Ex parte Young* expressly authorizes and that Plaintiff preserved on the record. Once *Students for Fair Admissions* clarified that strict scrutiny applies to any use of race in governmental decision-making, the Court was obligated to revisit the Equal Protection claim, not to

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM

– 14 –

disregard it under the guise of "law of the case." The failure to apply both *SFFA* and the *Ex parte Young* framework deprived Plaintiff of the opportunity to pursue prospective constitutional relief against state actors, compounding the judgment's incompleteness and warranting Rule 59(e) correction.

### F. The cumulative effect of these omissions constitutes structural prejudice that Rule 59(e) exists to correct.

Individually, each of the errors identified, i.e., failure to conduct de novo review, blanket denial of RJNs, disregard of a timely curative complaint, and omission of preserved constitutional claims, constitutes clear legal error. Collectively, they reasonably support the appearance of a pattern of generalized adjudication that undermined both fairness and the appearance of fairness. The Ninth Circuit has recognized that "procedural fairness is itself a substantial right." *United States v. Thoms*, 684 F.3d 893, 899 (9th Cir. 2012). A judgment resting on unresolved motions and unaddressed objections is not final; it is structurally flawed.

### V. PREJUDICE TO THE PLAINTIFF CUMULATIVE EFFECT OF THE COURT'S OMISSIONS DEPRIVED PLAINTIFF OF INDIVIDUALIZED RULINGS, FORECLOSED CONSTITUTIONAL AND STATUTORY CLAIMS, AND LEFT A JUDGMENT THAT CANNOT WITHSTAND MEANINGFUL APPELLATE REVIEW.

The prejudice here is structural, not incidental.

The issues directly prejudiced Plaintiff by foreclosing factual development and merits consideration, denying him the ability to cure deficiencies, or impairing his ability to secure meaningful appellate review. The cumulative effect is manifest injustice.

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM

– 15 –

The prejudice here is amplified by the asymmetry of process. While institutional actors benefit from presumptive good faith and procedural leeway, Plaintiff is subjected to dispositive rulings despite compliance and record-supported claims.

The prejudice to Plaintiff is not theoretical. Notably, Plaintiff's Equal Protection and Unruh Act claims remain undeveloped and undiscussed in Dkt. 312, despite being reframed and properly pled in the proposed Third Amended Complaint. The dismissal with prejudice not only limits discovery but obstructs Plaintiff from seeking redress that other similarly situated individuals can reasonably pursue.

**A. The judgment must be altered or amended under Rule 59(e) because it was entered on an incomplete record, failed to address preserved objections, departed from Rule 12 standards by dismissing with prejudice and denying leave to amend without findings, and advanced dispositive rulings while Plaintiff's evidentiary motions remained unresolved.**

**1. Judgment Entered on an Incomplete Record**

The Court dismissed the Fourth Amended Complaint (4AC) and entered final judgment (Dkt. 358) in a procedural context where earlier RJNs (e.g., 197, 199) lingered unresolved and the Court ultimately denied 276, 290, 301, 329 en masse. These latter RJNs attached official State Bar records, CPRA disclosures, and sworn contradictory statements by defendants. Each was denied in a single sentence without analysis, contrary to *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000–01 (9th Cir. 2018). This omission deprives the Ninth Circuit of a reviewable record and constitutes structural prejudice.

**2. Failure to Address Preserved Objections Under § 636(b)(1)**

PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD

CASE 2:23-CV-01298-JLS-BFM

– 16 –

Plaintiff's Objections (Dkt. 351) specifically challenged the R&R's omissions, including the treatment of exhibits, transcript alterations, and the exclusion of the proposed Fifth Amended Complaint (5AC). The dismissal order recited that objections were "considered" but did not engage them substantively, instead adopting the R&R almost wholesale. Under *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989), the district judge must make an independent determination of objected portions; generalized statements are insufficient.

### 3. Failure to Apply Rule 12 Standards Before Dismissing with Prejudice

The dismissal order (Dkt. 358) entered judgment with prejudice on Plaintiff's RICO and federal statutory claims. In doing so, the Court resolved disputed facts against the Plaintiff, denied amendment without findings, and imposed finality on claims that were procedurally entitled to further development. That result is inconsistent with the standards governing Rule 12(b)(6) dismissals.

First, Rule 12 requires the Court to accept all well-pled factual allegations as true and construe them in the light most favorable to the Plaintiff. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The Magistrate's Report and Recommendation, later adopted by the Court, did the opposite—characterizing allegations of transcript alteration, accreditation misrepresentation, and concealment of CPRA disclosures as mere "contract disputes" or negligence, and resolving questions of scienter against Plaintiff. These were fact-intensive disputes inappropriate for resolution on a motion to dismiss.

Second, to the extent the Court relied on evidence outside the pleadings, including contradictory testimony and extrinsic documents submitted in opposition, it was required under Rule

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 17 –

12(d) to convert the motions to dismiss into motions for summary judgment. See *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (conversion required if "the court considers matters outside the pleadings"). By adopting factual inferences against Plaintiff while declining conversion, the Court denied him the procedural protections of Rule 56.

Finally, dismissal with prejudice at the pleading stage is improper absent a finding that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff lodged a detailed Fifth Amended Complaint (Dkt. 313), which cured alleged deficiencies by identifying specific mailings, transcript alterations, and CPRA disclosures as predicate acts of fraud. The Court denied leave to amend in a single sentence, without analysis. This omission contravenes Ninth Circuit precedent requiring liberal amendment, especially for pro se litigants. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### 4. Denial of Leave to Amend Without Analysis of Document Submitted

The dismissal order denied Plaintiff's motion to amend by citing ECF 310 and 330, but did not reference the corrected Fifth Amended Complaint lodged at ECF 313. Because ECF 313 was the operative proposed pleading corresponding to the Rule 15 motion, the Court's failure to evaluate it underscores that leave to amend was denied without consideration of the actual proposed complaint, further rendering the judgment incomplete and procedurally defective.

Additionally, the Order denies Plaintiff's motion to amend the 4AC (ECF 313, 330) without futility findings, contrary to *Foman* and *Lopez*. Because the lodged 5AC cured the pleaded gaps the R&R identified, Rule 59(e) relief is necessary to either permit filing or to state specific futility grounds.

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 18 –

### 5. Procedural Asymmetry and Selective Engagement

Defendants' motions to dismiss (Dkts. 263, 270) were promptly adjudicated, while Plaintiff's

evidentiary motions lingered unresolved for months. Plaintiff repeatedly filed notices (Dkts. 286,

350, 357) flagging these irregularities, but the Court advanced dispositive rulings regardless. This

sequencing denied Plaintiff procedural parity and created the appearance of selective enforcement of

procedural rules, as also evidenced by the Court's refusal to acknowledge defense violations

documented in Dkt. 350.

### B. The judgment is constitutionally incomplete because the Court acknowledged a racial component yet ignored Plaintiff's preserved Equal Protection claim under Students for Fair Admissions and foreclosed prospective relief authorized by Ex parte Young.

### 1. Equal Protection Claim Ignored Despite SFFA

The Magistrate and District Judge affirmatively ruled on the existence of a "racial component,"

but neither the R&R nor the dismissal order addressed Plaintiff's Equal Protection claim under

*Students for Fair Admissions v. Harvard College*, 600 U.S. 181 (2023). The omission of this

constitutional claim, preserved throughout briefing, is prejudicial and renders the judgment

constitutionally incomplete.

### 2. Equal Protection Claim Ignored Ex parte Young

The premature dismissal of Plaintiff's Equal Protection claim also disregarded the settled rule of

*Ex parte Young*, 209 U.S. 123 (1908), which authorizes suits for prospective relief against state

officials who are alleged to be violating federal constitutional rights. Plaintiff's TAC and subsequent

objections preserved claims against State Bar officials in their official capacities, seeking injunctive

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON
STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 19 –

and declaratory relief to remedy ongoing discriminatory practices. By dismissing the Equal Protection claim with prejudice at the TAC stage (Dkt. 248) and reaffirming that dismissal in the final judgment (Dkt. 358), the Court foreclosed relief that *Ex parte Young* squarely permits.

This error was compounded when the Court declined to revisit the claim after *Students for Fair Admissions v. Harvard College*, 600 U.S. 181 (2023), clarified that any reliance on race by government actors requires strict scrutiny. Plaintiff invoked *SFFA* in his preserved objections (Dkt. 351), yet the dismissal order adopted the R&R wholesale without analysis. The combined effect was to eliminate both the opportunity to apply the governing standard and the procedural avenue recognized by *Ex parte Young* for prospective constitutional relief. The omission not only prejudiced Plaintiff's ability to vindicate his Equal Protection rights but also left the judgment constitutionally infirm by failing to adjudicate a live federal claim preserved under binding precedent.

### 3.  Mischaracterization of Fraud-Based Claims as Contractual Disputes

As set forth in Plaintiff's Objections (Dkt. 351), the R&R repeatedly characterized allegations of transcript manipulation, accreditation misrepresentation, and selective remediation as mere negligence or contract disputes. This framing disregarded incorporated exhibits (including defendant admissions) and judicially noticed documents, which support a plausible inference of intentional concealment and financial motive. By resolving intent and scienter questions against Plaintiff at the pleading stage, the Court improperly converted Rule 12(b)(6) into a fact-finding exercise, contrary to *Twombly* and *Iqbal*.

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 20 –

1
2
3
### 4.  Contradictory Treatment of State-Law Claims
4
5   The dismissal order (Dkt. 358) dismissed federal claims with prejudice, but state-law claims
6   "without prejudice and without leave to amend." This contradictory formulation deprived Plaintiff of
7   a forum for those claims despite an independent diversity basis under 28 U.S.C. § 1332, as Plaintiff
8   established domicile in Texas and Defendants remain California citizens (see Dkt. 351). This hybrid
9   disposition forecloses state-law relief without analysis and further compounds prejudice.
10
11
### 5.  Cumulative Effect is Deprivation of Individualized Rulings, Constitutional and Statutory Claim Foreclosure and Impedance of Appellate Review
12
13   Taken together, these errors are not harmless. They deprived Plaintiff of individualized rulings on
14   critical motions, foreclosed constitutional and statutory claims, and insulated the judgment from
15   meaningful appellate review. The Ninth Circuit has long recognized that procedural fairness is itself a
16   substantial right. *United States v. Thoms*, 684 F.3d 893, 899 (9th Cir. 2012). Without Rule 59(e)
17   correction, the omissions and contradictions here all but ensure remand, prolonging the litigation and
18   undermining confidence in the integrity of the judgment.
19
20
21
### 6.  Plaintiff's Preservation Notices Made the Asymmetry Clear
22
23   Plaintiff repeatedly placed the Court on notice of this structural problem. On July 17, 2025,
24   Plaintiff filed a Notice of Procedural Irregularities (Dkt. 350), documenting the sequencing error. On
25   July 23, 2025, Plaintiff's Objections to the R&R (Dkt. 351) again preserved the issue, identifying the
26
27   prejudice of dispositive rulings issued while evidentiary motions remained unresolved. On August 17,
28

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 21 –

2025, Plaintiff filed a final Notice of Unresolved Motions and Preservation of Objection (Dkt. 357), expressly warning that entry of judgment on a compromised record would be improper.

Three days later, the dismissal order issued. (Dkt. 358). The timing itself confirms that judgment was entered not after addressing the underlying problem, but in the shadow of Plaintiff's notice of it. The Court thus proceeded with knowledge that the record appeared procedurally unbalanced.

### 7. The Asymmetry Is Structural, Not Harmless

Plaintiff's repeated preservation filings distinguish this case from ordinary docket management oversights. Where a litigant has specifically identified unresolved motions, demonstrated their materiality, and objected to dispositive rulings proceeding without them, the Court's failure to act transforms administrative delay into structural prejudice. See *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989) (requiring district courts to engage with preserved objections under § 636(b)(1)).

The result is a judgment that was not entered on a complete and fairly managed record.

### VI.    THE COURT IGNORED PRESERVED EVIDENCE OF DEFENSE EVASION AND CONDUCT, REINFORCING SELECTIVE ENFORCEMENT AND UNDERMINING PROCEDURAL FAIRNESS.

Plaintiff repeatedly documented a pattern of defense evasion and improper conduct, including noncompliance with Local Rule 7-3 and attempts by both defense counsel and a pro se defendant to obscure the record. These issues were preserved in the July 17, 2025 Notice of Procedural Irregularities (Dkt. 350), Plaintiff's Objections to the R&R (Dkt. 351), and the August 17, 2025 Notice (Dkt. 357). Each filing explained how the evasions deprived Plaintiff of the opportunity to

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 22 –

narrow disputes and secure factual clarifications before briefing, undermining the very purpose of Local Rule 7-3.

The dismissal order (Dkt. 358), however, did not acknowledge this preserved record. Instead, it adopted the Magistrate's recommendation wholesale while denying Plaintiff's evidentiary motions as "moot" or "denied." The Court enforced deadlines and technical rules against Plaintiff while permitting defense actors to disregard their obligations, reinforcing the appearance of asymmetry in case management.

The Ninth Circuit has made clear that "procedural fairness is itself a substantial right." *United States v. Thoms*, 684 F.3d 893, 899 (9th Cir. 2012). By ignoring evidence of defense misconduct—contradictory statements, shifting positions, and even sanction threats from a defendant also acting as counsel—the Court allowed a broader pattern of evasion to stand without consequence.

This omission compounds the structural errors already documented: unresolved RJNs, denial of leave to amend without findings, and failure to conduct meaningful de novo review. Taken together, these failures reflect a recurring asymmetry in case management. Under Rule 59(e), amendment of the judgment is necessary because the manifest injustice arises not simply from dismissal itself, but from the Court's refusal to engage with preserved evidence of procedural irregularity and misconduct, an omission that undermines both fairness and the appearance of fairness required by due process.

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 23 –

**VII.    ADDITIONAL GROUNDS FOR RELIEF INCLUDE CONTRADICTORY 'HYBRID' DISPOSITION THAT DISMISSED STATE-LAW CLAIMS BOTH WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND, PRODUCING AN INCOHERENT RULING THAT PREVENTS MEANINGFUL APPELLATE REVIEW.**

**A.  The judgment reflects a contradictory 'hybrid' disposition that dismissed state-law claims both without prejudice and without leave to amend, producing an incoherent ruling that prevents meaningful appellate review.**

The dismissal order disposed of Plaintiff's federal claims stating "The 4AC is dismissed 'with prejudice as to the federal RICO claim and without prejudice and without leave to amend as to the remaining state law claims." (Dkt. 358 at 3). That phrasing is internally inconsistent: declination of § 1367(c) calls for dismissal without prejudice to refiling in state court, while denial of leave to amend requires futility findings. Rule 59(e) relief should clarify the basis and correct the inconsistency.

**B.  The judgment compromised Plaintiff's appellate rights by resolving dispositive issues while leaving critical evidentiary motions unresolved, thereby depriving the record of the foundation required for meaningful review.**

Plaintiff repeatedly preserved that the failure to rule on pending evidentiary motions (Dkts. 197, 199, 329, 332) impaired not only his ability to oppose dispositive motions but also his ability to secure meaningful appellate review. (See Dkts. 351, 357). The Ninth Circuit has emphasized that the right to procedural fairness includes preservation of issues for appeal. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989). By resolving dispositive issues on an incomplete record, the Court compromised Plaintiff's ability to obtain full appellate consideration of critical evidence.

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM

– 24 –

**C.  The Court erred by labeling Plaintiff's pending motions as 'moot' when their resolution was necessary to determine whether dismissal was proper, creating circular reasoning that compounded prejudice.**

The order denied Plaintiff's pending motions as "moot" upon dismissal of the action. (Dkt. 358 at 2). This reasoning is circular: a motion cannot be "moot" if its resolution was necessary to determine whether dismissal was proper. **Labeling substantive motions as moot assumes the correctness of the judgment they were meant to inform.** This error compounds the prejudice created given that motions remained unresolved, some for nearly nine months, while dispositive rulings were issued.

**D.  The judgment failed to apply Ninth Circuit standards requiring liberal construction of civil RICO claims, dismissing them as implausible without analyzing the distinct elements pleaded and supplemented in the proposed Fifth Amended Complaint.**

Civil RICO must be "liberally construed to effectuate its remedial purposes." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc). The dismissal order, however, treated Plaintiff's RICO claims as facially implausible without analyzing the distinct elements of enterprise, pattern, and predicate acts, as pleaded and supplemented in the proposed Fifth Amended Complaint. By dismissing on generalized "implausibility" grounds, the Court departed from Ninth Circuit precedent requiring careful evaluation of RICO allegations.

**E.  The judgment adopted the Magistrate's recommendation wholesale without addressing acknowledged contradictions in the record, including recognition of a racial component and sworn admissions by Defendant Spiro, leaving de novo review incomplete.**

The Magistrate Judge's R&R (Dkt. 348) acknowledged a "racial component" to the underlying facts even while recommending dismissal of Equal Protection claims. Defendant Spiro's sworn admissions likewise conflicted with Defendants' briefing positions. Plaintiff highlighted these

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 25 –

contradictions in his Objections (Dkt. 351). The dismissal order adopted the R&R wholesale without addressing the contradictions. Courts may not adopt recommendations while ignoring material contradictions in the record. See *Remsing*, 874 F.2d at 616. This omission underscores the incomplete nature of the Court's de novo review.

> **F. The cumulative handling of this case—including unresolved evidentiary motions, contradictory rulings, selective enforcement of rules, and symbolic concessions— undermines not only fairness but the appearance of fairness, which the Ninth Circuit has recognized as a substantial right.**

Finally, the Court's cumulative handling of the case, including unresolved evidentiary motions, contradictory rulings, selective enforcement of rules, and symbolic concessions, undermines not only fairness but the appearance of fairness. The Ninth Circuit has recognized that "procedural fairness is itself a substantial right." *United States v. Thoms*, 684 F.3d 893, 899 (9th Cir. 2012). The appearance of avoidance or selective engagement erodes public confidence in the adjudicative process and provides an independent ground for relief under Rule 59(e).

> **VIII. THE COURT'S ANTICIPATED JUSTIFICATIONS DO NOT WITHSTAND REVIEW BECAUSE HARMLESS ERROR, FUTILITY, DISCRETION, AND LAW OF THE CASE CANNOT CURE STRUCTURAL PREJUDICE OR THE OMISSION OF REQUIRED FINDINGS.**

The Ninth Circuit has rejected the sufficiency of generalized orders where the record reflects preserved objections or proffered evidence with direct bearing on dispositive issues. *Remsing*, 874 F.2d at 616 (requiring express resolution of preserved objections); *Khoja*, 899 F.3d at 1001 (blanket denial of judicial notice improper at Rule 12(b)(6) stage). Implicit consideration is not a substitute for individualized findings, because it deprives the appellate court of a clear basis for review.

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 26 –

Where a litigant has preserved objections identifying the precise prejudice created by unresolved motions, as Plaintiff did in Dkts. 350, 351, and 357, generalized denials leave the record ambiguous on whether those concerns were adjudicated or avoided. That ambiguity itself is prejudicial because it impairs Plaintiff's ability to obtain meaningful appellate review. *School Dist. No. 1J*, 5 F.3d at 1263. Rule 59(e) relief is therefore not sought to reargue dismissed claims, but to ensure the record contains the findings required for appellate review, thereby conserving judicial resources and preserving the appearance of fairness.

### A. "Harmless Error" Cannot Excuse Structural Prejudice

The Court may assert that any delay in resolving Plaintiff's evidentiary motions or objections was harmless because the outcome would have been the same. That argument is unavailing. Harmless error applies to isolated procedural missteps; it does not apply where the structure of case management itself prejudiced a litigant by permitting dispositive rulings to advance while foundational motions remained unresolved. See *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989). Plaintiff repeatedly identified the unresolved motions (e.g., Dkts. 350, 351, 357) and explained their materiality to the claims. The Court's subsequent global denial at final judgment cannot erase the prejudice of months of briefing and recommendation on an incomplete record.

### B. "Futility" Cannot Justify Denial of Leave to Amend Without Findings

The order's one-word denial of leave to amend (Dkt. 358 at 2) may be defended on grounds of futility. Yet *Foman v. Davis*, 371 U.S. 178, 182 (1962), requires explicit findings of futility, undue delay, bad faith, or prejudice. The Ninth Circuit has further held that futility must be "absolutely

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM

– 27 –

clear," particularly in cases involving pro se litigants. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc). Here, Plaintiff lodged a proposed Fifth Amended Complaint identifying specific mailings, transcripts, and CPRA responses as instrumentalities of fraud and clarifying financial injury under 18 U.S.C. § 1964(c). Futility was neither obvious nor analyzed. The Court's silence on these amendments cannot be squared with binding precedent.

### C. "Judicial Discretion" in Docket Management Has Limits

The Court may also assert that its management of the docket falls within its inherent discretion. While docket management is discretionary, that discretion is bounded by due process and statutory requirements. See *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (docket control must be exercised consistent with fairness). The Court's failure to rule on or clarify evidentiary motions for nearly nine months, coupled with its reliance on the resulting incomplete record to support dismissal, exceeded the bounds of permissible discretion. Plaintiff's timely preservation notices (Dkts. 286, 306, 350, 351, 342, 346, and 357) repeatedly identified the unresolved RJNs, objections, amendment issues and made clear that the sequencing caused concrete prejudice.

Because fairness is not measured by whether some filing was granted, but whether the filings most central to the record received the individualized analysis required by law, the appearance of a lack of substantive engagement persists.

### D. "Law of the Case" Cannot Justify Avoidance of the Equal Protection Claim

The Court may consider and argue that the prior dismissal of Plaintiff's Equal Protection claim (Dkt. 248) precluded reconsideration under the law-of-the-case doctrine. That argument fails in light

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 28 –

of intervening controlling authority. The Supreme Court's decision in *Students for Fair Admissions, Inc. v. Harvard College*, 600 U.S. 181 (2023), clarified that any consideration of race by a state actor must be subjected to strict scrutiny. The Magistrate Judge's acknowledgment of a "racial component" in the R&R (Dkt. 348) triggered this standard. By adopting the R&R without reconciling it with *SFFA*, the Court failed to apply the correct constitutional framework. Law of the case does not permit a district court to ignore intervening Supreme Court authority. Because the ruling acknowledged a 'racial component' while recommending dismissal, the intervening standard was squarely implicated but never applied.

Although the Court may contend that Plaintiff's Equal Protection claim was resolved at the TAC stage, intervening authority requires reconsideration. *Students for Fair Admissions, Inc. v. Harvard College*, 600 U.S. 181 (2023), clarified the standard for evaluating governmental reliance on race. Under *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), district courts must conform to intervening Supreme Court precedent even if it conflicts with prior rulings.

### E. Jurisdictional Declination Does Not Moot the Failure to Grant Leave to Amend State-Law Claims

The Court may contend that its dismissal of Plaintiff's state-law claims "without prejudice" but "without leave to amend" (Dkt. 358 at 3) was harmless because it reflected a jurisdictional declination under 28 U.S.C. § 1367(c). That contention does not withstand review. Jurisdictional declination and amendment are distinct inquiries: when a federal court declines supplemental jurisdiction, the proper course is dismissal without prejudice to refiling in state court. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (dismissal without prejudice allows plaintiff to

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 29 –

pursue claims in state court). What a court may not do is dismiss claims "without prejudice" yet simultaneously bar amendment, thereby leaving the litigant with no forum at all.

Here, the Court's hybrid disposition functioned not as a declination of jurisdiction but as an unreasoned denial of amendment. By refusing leave to amend while purporting to dismiss without prejudice, the Court effectively foreclosed Plaintiff's ability to cure deficiencies in federal court while casting doubt on whether state court jurisdiction remained available. That ambiguity itself prejudices Plaintiff's rights and prevents meaningful appellate review. The Ninth Circuit has held that where a district court dismisses state-law claims under § 1367(c), it must do so clearly and consistently, leaving open the option of state refiling. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

Even if the Court intended to decline jurisdiction, its simultaneous refusal to permit amendment conflicts with *Foman v. Davis*, 371 U.S. 178, 182 (1962), which requires specific findings of futility, undue delay, or bad faith before denying leave. No such findings appear in the dismissal order. Plaintiff lodged a curative Fifth Amended Complaint (Dkt. 310) that identified specific mailings, transcripts, and CPRA disclosures supporting fraud and negligence claims. The failure to consider that amendment cannot be excused by jurisdictional declination because jurisdictional dismissal and amendment serve different purposes: the former shifts the forum, while the latter tests the sufficiency of the pleadings.

The combined effect was to leave Plaintiff's state-law claims in procedural limbo, dismissed without prejudice yet effectively barred from amendment. This outcome is prejudicial, because it

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 30 –

deprived Plaintiff of the opportunity either to amend in federal court or to pursue the claims

unimpeded in state court. Under Rule 59(e), correction is necessary to clarify the disposition of the

state-law claims, availability for state adjudication, ensure appellate review, and prevent manifest

injustice.

### IX. THE COURT DEPARTED FROM RULE 12(B)(6) STANDARDS BY RESOLVING FACTUAL DISPUTES AGAINST PLAINTIFF, DISREGARDING DOCUMENTARY-SUPPORTED ALLEGATIONS, COLLAPSING DISTINCT CLAIMS, AND IMPOSING HEIGHTENED PLEADING BURDENS ON A PRO SE LITIGANT.

Similar to the issues earlier mentioned, Plaintiff raised these specific issues in his Objections to

the Magistrate Judge's Report and Recommendation (Dkt. 351), yet the dismissal order issued after

its de novo review (Dkt. 358) contained no analysis of them, which renders the record unreviewable

on appeal.

### A. The Court Resolved Factual Disputes Against Plaintiff at the Pleading Stage

In dismissing Plaintiff's RICO and related claims as "implausible," the Court implicitly resolved

factual disputes against Plaintiff. (Dkt. 358 at 2–3). At the Rule 12(b)(6) stage, however, the Court

must accept well-pleaded factual allegations as true and draw all reasonable inferences in favor of the

non-movant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff alleged specific acts of

concealment, falsification of transcripts, and resulting injury. Rather than credit these allegations, the

Court dismissed them as insufficient without engaging the evidentiary materials or the proposed Fifth

Amended Complaint. This approach inverts the Rule 12(b)(6) standard because it construes

ambiguity against Plaintiff instead of in his favor.

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM

– 31 –

**B.  The Court Treated Documentary Allegations as Conclusory**

The dismissal order also disregarded allegations supported by documentary evidence, including CPRA responses, official State Bar reports, and sworn admissions by Defendant Spiro, by characterizing them as "implausible" or irrelevant. (Dkt. 358 at 2–3). Under *Twombly* and *Iqbal*, factual allegations supported by documentary exhibits cannot be dismissed as conclusory. See *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018) (rejecting district court's dismissal of well-supported allegations as conclusory where judicially noticeable materials corroborated them). The Court's refusal to credit documentary allegations not only disregarded the governing standard but also prejudiced Plaintiff by erasing evidence of institutional misconduct from consideration at the threshold stage.

**C.  The Court Improperly Collapsed Distinct Claims**

The order also collapsed Plaintiff's distinct federal and state-law claims into a generalized finding of "implausibility." (Dkt. 358 at 2–3). Yet the Ninth Circuit requires that each cause of action be evaluated on its own elements. *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1122–23 (9th Cir. 2008). Plaintiff's RICO claims, state-law fraud claims, and Unruh Act claims each rest on separate statutory elements and factual predicates. By failing to distinguish among them, the Court improperly conflated multiple claims and foreclosed review of viable state-law theories without analysis.

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM

– 32 –

**D.  The Court Overlooked the Presumption of Truth Owed to Pro Se Litigants**

Beyond ordinary Rule 12(b)(6) standards, the Court was also required to apply liberal construction to Plaintiff's pleadings as a pro se litigant. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The order, however, applied the opposite presumption, demanding precision in pleading, refusing leave to amend, and construing ambiguity against Plaintiff. The Ninth Circuit has cautioned that dismissals under Rule 12(b)(6) are especially inappropriate where pro se plaintiffs identify specific factual bases for relief but require amendment for refinement. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc). By denying amendment and dismissing without distinction, the Court imposed a heightened pleading standard inconsistent with both Rule 12(b)(6) and pro se precedent.

**E.  Cumulative Irregularities**

Taken together, these irregularities show a pattern: the Court drew inferences against Plaintiff, disregarded documentary-supported allegations as conclusory, conflated distinct claims, and applied heightened standards to a pro se litigant. These are not isolated errors but structural deviations from Rule 12(b)(6) jurisprudence that collectively compromised the integrity of the judgment.

**X.    CONCLUSION**

Plaintiff respectfully requests that the Court alter or amend the judgment by (1) issuing individualized rulings on the RJNs (ECF 276, 290, 301, 329); (2) addressing the preserved objections (ECF 351) with de novo analysis; (3) permit filing of the proposed corrected Fifth Amended Complaint (ECF 313) by granting the motion to amend (referenced in the order as ECF 310; see also ECF 330), or supply futility findings; and (4) clarifying whether the state-law disposition rests on

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON
STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 33 –

§ 1367(c) declination or futility. These targeted corrections will prevent manifest injustice and ensure any judgment rests on a complete, reviewable record.

Respectfully submitted,



**Todd R. G. Hill**
**Plaintiff, In Propria Persona**

Dated: August 25, 2025

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned party certifies that this brief contains 7,000 words, which complies with the 7,000-word limit of L.R. 11-6.1.

Respectfully submitted,



August 25, 2025
Todd R.G. Hill
Plaintiff, in Propria Persona

### Plaintiff's Proof of Service

---

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM

This section confirms that all necessary documents will be properly served pursuant to L.R. 5-3.2.1 Service. This document will be/has been electronically filed. The electronic filing of a document causes a "Notice of Electronic Filing" ("NEF") to be automatically generated by the CM/ECF System and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court and (2) all pro se parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Unless service is governed by Fed. R. Civ. P. 4 or L.R. 79-5.3, service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil Procedure, and the NEF itself will constitute proof of service for individuals so served.

Respectfully submitted,



August 25, 2025
Todd R.G. Hill
Plaintiff, in Propria Persona

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF 358, 359) BASED ON STRUCTURAL ERRORS AND INCOMPLETE RECORD**

CASE 2:23-CV-01298-JLS-BFM
– 35 –