1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                           **WESTERN DIVISION**

11

12   TODD R.G. HILL,                         No. 2:23-cv-01298-JLS-BFM

13                Plaintiff,                  **ORDER DENYING MOTION**
                                             **TO ALTER OR AMEND**
14         v.                                **JUDGMENT JUDGMENT**
                                             **UNDER RULE 59(E)**
15   THE BOARD AND DIRECTORS,
     OFFICERS, AND AGENTS AND
16   INDIVIDUALS OF PEOPLES
     COLLEGE OF LAW, et al.,
17
                Defendants.
18

19         Before the Court is Plaintiff Todd R.G. Hill's motion to alter or amend

20   judgment under Rule 59(e) (ECF 360). For the reasons stated below, the Court

21   **denies** the Motion.

22                                    I.

23                            **BACKGROUND**

24         On July 22, 2025, the Magistrate Judge issued a Report and

25   Recommendation, recommending dismissal of Plaintiff's Fourth Amended

26   Complaint without leave to amend. (*See* ECF 348.) Specifically, the Report

27   recommended dismissing with prejudice Plaintiff's RICO claim, his only

28

1    remaining federal claim, and dismissing his state law claims without prejudice

2    to Plaintiff bringing them in state court. (ECF 348 at 18.) Plaintiff filed

3    Objections to the Report and Recommendation (ECF 351) and three notices of

4    "procedural irregularities" (ECF 353, 356, 357). The Court accepted the

5    Magistrate Judge's Report and Recommendation with minor alterations, and

6    entered Judgment dismissing the action on August 20, 2025. (ECF 358, 359).

7       Plaintiff now moves to alter or amend judgment pursuant to Rule 59(e).

8    (ECF 360 ("Mot.").) Defendant opposed the Motion (ECF 361, 362) and Plaintiff

9    submitted a reply. (ECF 362.) The Motion is thus fully briefed and ready for

10    decision.

## II.

## LEGAL STANDARD

13       Under Federal Rule of Civil Procedure 59(e), a party may move to alter or

14    amend a judgment within twenty-eight days after entry of the judgment. Fed.

15    R. Civ. P. 59(e). A Rule 59(e) motion may be granted when (1) the motion is

16    necessary to correct manifest errors of law or fact upon which the judgment is

17    based, (2) the moving party presents newly discovered or previously unavailable

18    evidence, (3) the motion is necessary to prevent manifest injustice, or (4) there

19    is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe*

20    *R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citing *McDowell v. Calderon*, 197

21    F.3d 1253, 1254 n.1 (9th Cir. 1999)). Relief under Rule 59(e) is an "extraordinary

22    remedy, to be used sparingly in the interests of finality and conservation of

23    judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir, 2014) (per

24    curiam). Such relief is therefore generally reserved for highly unusual

25    circumstances. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d

26    1255, 1263 (9th Cir. 1993); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*

27    *& Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

28

# III.

# DISCUSSION

Plaintiff's Motion raises numerous arguments, which generally fall into four categories. At bottom, none of Plaintiff's arguments demonstrate that he is entitled to relief under Rule 59(e).

## A.    The Court's Adoption of the Report and Recommendation

Plaintiff argues that the Court's Order Accepting the Magistrate Judge's Report and Recommendation was insufficient because it adopted the Magistrate Judge's findings without further analysis. (Mot. at 12.)

The Court disagrees. The Federal Magistrate Judge's Act provides that: "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

De novo review, however, does not require an explicit analysis of each objection raised by the parties. *See United States v. Ramos*, 65 F.4th 427, 433-34 (9th Cir. 2023). It is generally sufficient for courts to rely on the findings of a magistrate judge's report and recommendation so long as it is clear the Court reviewed the record. *See Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004) ("The district court expressly stated in its order that it adopted the magistrate judge's recommendations only after having undertaken a de novo review of the record . . . The district court's approach fully complied with the statutory requirements in using the magistrate judge's assistance in this case."); *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1450 (9th Cir. 1986) (holding the district court's review satisfied the de novo review standard where the district judge noted that he had "reviewed the complaint, counter-

3

1    complaints, all the records and files, . . . and the Report and Recommendation
2    of the United States Magistrate [Judge] . . . .").

3        Here, the Court expressly indicated that it conducted de novo review.
4    (ECF 358 at 1 (Order Accepting the Magistrate Judge's Report and
5    Recommendation stating that the Court "reviewed the Fourth Amended
6    Complaint, the records and files herein, the Magistrate Judge's Report and
7    Recommendation, and Plaintiff's Objections to the Report and
8    Recommendation" and that it "engaged in a de novo review of those portions of
9    the Report and Recommendation to which objections have been made.").)
10   Nothing more was required, and thus relief on this ground is not warranted.

11   **B.    Adjudication of Specific Claims and Requests**

12       **1.    Plaintiff's RICO Claim and the Court's Rule 12 Analysis**

13       Plaintiff argues that the Court erred in dismissing his RICO claim by
14   failing to correctly apply "Rule 12 standards." (Mot. at 13, 17-18, 20, 31, 33.)

15       In the context of deciding a Rule 12(b)(6) motion to dismiss, courts must
16   accept as true all non-conclusory factual allegations in a complaint, and pro se
17   litigants are held to a less stringent standard than counseled litigants. These
18   generous standards do not eliminate the requirements imposed by the Federal
19   Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)
20   ("Although we construe pleadings liberally in their favor, pro se litigants are
21   bound by the rules of procedure."). One such requirement is that "a complaint
22   must contain sufficient factual matter, accepted as true, to state a claim to relief
23   that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation
24   and internal quotations omitted). A claim is facially plausible "when the
25   plaintiff pleads factual content that allows the court to draw the reasonable
26   inference that the defendant is liable for the misconduct alleged." *Id.*

27
28

4

Here, the Magistrate Judge's Report and Recommendation, adopted by this Court, correctly applied this standard. Nowhere in the Report and Recommendation are Plaintiff's allegations questioned or otherwise taken as false. What is questioned are the inferences Plaintiff would have the Court draw from those facts. As observed in the Report and Recommendation: "Plaintiff's allegations are merely consistent with Defendants' liability, they 'stop short of the line between possibility and plausibility of entitlement to relief.'" (ECF 348 at 14 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009)).)

### 2.    Equal Protection Claim

Next, Plaintiff argues that the Court erred in dismissing his Equal Protection claim by failing to consider "intervening" Supreme Court precedent and by failing to consider the *Ex Parte Young* doctrine.[1] (Mot. at 14-15, 19-20.) Neither of those arguments are availing. The "intervening" Supreme Court precedent Plaintiff points to is the Supreme Court's decision in *Students for Fair Admission, Inc. v. President and Fellows of Harvard College*, 600 U.S. 181 (2023). That decision was decided in June 2023, over a year before the Court adjudicated Plaintiff's equal protection claim, and is therefore not an intervening precedent. In any event, *Students for Fair Admission* does not change the Court's analysis of Plaintiff's equal protection claim.

As for Plaintiff's *Ex Parte Young* argument, the Court did not rely on the State Bar Defendants' Eleventh Amendment immunity in dismissing Plaintiff's equal protection claim. Instead, the Court concluded that Plaintiff's equal protection claim failed because the Third Amended Complaint did not plausibly allege an intent to discriminate against him because of his race. (*See* ECF 213

---

[1] The Court dismissed Plaintiff's equal protection claim without leave to amend when it dismissed the Third Amended Complaint. (*See* ECF 213 (Magistrate Judge's Interim Report and Recommendation, recommending dismissal of Plaintiff's equal protection claim without leave to amend); ECF 248 (Order Accepting the Interim Report and Recommendation).)

at 14-16.) In other words, the Court considered the merits of Plaintiff's equal protection claim; the scope of relief permissible under *Ex Parte Young* is thus irrelevant.

### 3.    Requests for Judicial Notice

Plaintiff makes two arguments in relation to his various Requests for Judicial Notice. First, Plaintiff faults the Court for denying all pending RJNs without distinction in the Order Accepting. (Mot. at 12-13.) But the Order Accepting adopted the reasoning of the Report and Recommendation, which addressed the RJNs individually; it is thus inaccurate to say that the requests were not given individualized assessment.

Next, Plaintiff argues that the Judgment was entered on an incomplete record because the Court did not adjudicate the RJNs in ECFs 197 and 199. Again, Plaintiff's statement is inaccurate. The RJNs in ECFs 197 and 199 were decided in connection with the Court's review of Plaintiff's Third Amended Complaint. (*See* ECF 213 (Interim Report and Recommendation, recommending granting in Part ECFs 197 and 199), 248 (Order Accepting the Interim Report and Recommendation).)

### 4.    Plaintiff's Motion to Amend the Fourth Amended Complaint

Plaintiff argues that the Court denied his Motion to Amend the Fourth Amended Complaint without considering the correct version of the amended complaint. (Mot. at 18.) Specifically, Plaintiff argues that the Court considered only ECF 310 and 330, and not the Corrected Fifth Amended Complaint, ECF 313. This argument is without merit; Plaintiff's Motion for Leave to File a Fifth Amended Complaint (ECF 330) attaches the Corrected Fifth Amended Complaint. (*See* ECF 330 at 10-195.) Because Plaintiff does not dispute that the Court considered ECF 330, the Court's failure to reference ECF 313 specifically is harmless.

C.    **Procedural Asymmetry**

Plaintiff argues that "procedural irregularities" undermined the overall fairness of the litigation. For example, Plaintiff faults the Court for "promptly" adjudicating Defendant's Motions to Dismiss while leaving his motions and requests unresolved for months. The length that any motion remained pending does not provide a basis to revisit judgment in this case.

Plaintiff also complains that the Court ignored Defendants' alleged noncompliance with Local Rule 7-3, pointing to his Notice of Procedural Irregularities (ECF 350). The Magistrate Judge repeatedly noted that Plaintiff's complaints about Defendants' meet and confer efforts did not provide a basis to strike Defendants' motions; email exchanges between the parties occurred and additional discussions were unlikely to narrow the disputed issues. (*See* ECF 213 at 12-14; ECF 269; ECF 348 at 4 n.4.) This Court adopted that analysis. Plaintiff's arguments provide no basis for reconsideration of that decision.

D.    **Leave to Amend and Dismissal Without Prejudice**

Plaintiff makes two additional arguments in connection with the disposition of his case. First, he argues that the Court erred in dismissing his state law claims "without prejudice and without leave to amend" because that disposition "deprive[s] Plaintiff of a forum for those claims." (Mot. at 21.) As an initial matter, the above disposition does not preclude Plaintiff from refiling his state law claims in state court; it only bars him from reasserting them here. Moreover, the Court has no jurisdiction over Plaintiff's state law claims without a viable federal claim. As noted in the Report and Recommendation, Plaintiff cannot rely on diversity jurisdiction, because there was not complete diversity between the adverse parties at the time Plaintiff filed his original complaint. (*See* ECF 248 at 18-19 n. 8 (discussing the lack of diversity jurisdiction).) As such, Plaintiff's argument fails to identify a legal error.

7

Plaintiff also argues that the court erroneously denied leave to amend without finding that amendment would be futile. (Mot. at 18.) But the Report and Recommendation concluded that amendment would be futile (ECF 248 at 20-21) and this Court adopted that finding by accepting the Report and Recommendation. Nothing more is required.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **denies** Plaintiff's Rule 59(e) Motion (ECF 360).


DATED:  September 26, 2025

_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE